UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WELLNESS MEDIA LLC D/B/A DR. PEDRE WELLNESS, <br><br> Plaintiff, <br><br> v. <br><br> FOUR SIGMA FOODS, INC. and FUNGUYS, INC., <br><br> Defendants. | Civil Action No. 1:25-cv-06443-LAP <br><br><br> JURY TRIAL DEMANDED |

## ~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiff Wellness Media LLC d/b/a Dr. Pedre Wellness and Defendants Four Sigma Foods, Inc. and Funguys, Inc. (together, the "Parties," and each individually, a "Party") request that this Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms and stipulate to the entry of this Stipulated Protective Order ("Order") to advance this action and to prevent unnecessary dissemination or disclosure of confidential and highly confidential information and documents; and

WHEREAS, this Court finds that the Parties have established good cause for entry of this Order;

NOW THEREFORE, pursuant to Fed. R. Civ. P. 26(c), upon the stipulation and consent of the Parties for good cause shown, the Court hereby **ORDERS** that the following terms shall

govern the production and exchange of confidential and highly confidential information and documents in this action:

## I.   Definitions.

As used in this Order, these terms have the following meanings:

1.   "Discovery Material" means information or material of any kind produced or disclosed during discovery in this action.

2.   "Protected Discovery Material" means Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

## II.   Designation of Information.

1.   The party or person producing or disclosing Protected Discovery Material (the "Producing Party") to another party (the "Receiving Party"), which, in the Producing Party's reasonable and good faith belief, consists of (a) information that is not publicly known and is of technical or commercial advantage to the possessor, (b) non-public, confidential business information that the Producing Party would not normally reveal to third parties except in confidence, (c) information of a personal or intimate nature regarding any individual, (d) information protected by a right of privacy under federal or state law, including Fed. R. Civ. P. 5.2, or (e) information required by agreement to be kept confidential, may designate such Discovery Material as "CONFIDENTIAL" Discovery Material.

2.   The Producing Party producing or disclosing "CONFIDENTIAL" Discovery Material (as defined in Paragraph II.1 *supra*), which, in the Producing Party's reasonable and good faith belief, consists of trade secret or other confidential information that is especially sensitive such that its disclosure to others is likely to cause economic harm or a significant competitive

2

disadvantage to the Producing Party or any third party to whom the Producing Party owes a duty of confidentiality, may designate such Discovery Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material.  Such information may include, but is not limited to, non-public financial data, research and development information, strategic plans, information relating to future products, licensing documents or communications, settlement agreements and related communications, and technical information. Further, documents related to the practice of medicine or health and wellness consulting as it relates to particular patient(s) not withheld as privileged will be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.     Discovery Material shall not be considered "CONFIDENTIAL" Discovery Material or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Material if (a) at the time of its disclosure to a Receiving Party it is available to the public; or (b) after disclosure to a Receiving Party, it becomes available to the public through means other than a violation of this Order or other applicable law or court order; or (c) the Receiving Party can show:

    a. it was already known to, or in the possession of, the Receiving Party through means that were not in violation of this Order or other applicable law or court order; or

    b. it was independently developed by the Receiving Party; or

    c. it was received by the Receiving Party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

4.     Parties shall make all designations in good faith and shall not knowingly make any designation (or shall promptly withdraw, upon request, any designation) in conflict with the terms herein. If it comes to a Producing Party's attention that Discovery Material that it designated for protection does not qualify for such protection, the Producing Party must promptly notify the

3

Receiving Party that it is withdrawing the mistaken designation and provide replacement load files with the proper designation in accordance with the parties' Electronic Discovery Protocol.

5.    With respect to any Discovery Material other than deposition transcripts and exhibits that the Producing Party or its counsel designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," such designation must be made before the Discovery Material is disclosed or produced by stamping it or otherwise clearly marking it as so in a manner that will not interfere with legibility or audibility.

6.    A Producing Party or its counsel may designate testimony given in a deposition or in another pretrial proceeding and exhibits used therein either by: (a) indicating on the record that a question calls for "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, in which case the reporter will bind the portions of the transcript of the designated testimony in a separate volume and mark it as "Protected Information Governed by Protective Order," or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receiving the final transcript from the reporter, of the specific pages and lines of the transcript that are to be designated Protected Discovery Material, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. Until the 30-day period expires, or the testimony is properly designated in accordance with Paragraph II.6(b), all Parties will treat the entire transcript, including any rough drafts, as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

7.    If a witness is expected to testify as to confidential information that would constitute Protected Discovery Material, a Party or non-party may request that the relevant

4

deposition or portions thereof be taken in the presence of only those persons entitled to receive Protected Discovery Material.

8.    If at any time before the trial of this action a Producing Party realizes that it should have designated Discovery Material (or portions thereof) as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that it previously produced without limitation, the Producing Party may so designate the materials by apprising all prior recipients in writing and providing replacement load files with the proper designation in accordance with the parties' Electronic Discovery Protocol. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as the case may be.

## III.    Who May Receive Protected Discovery Materials.

1.    Documents or information marked "CONFIDENTIAL," as defined in Paragraph II.1 above, shall only be disclosed if reasonably necessary for purposes of this litigation and except as provided in Paragraph III.2 below to:

    a.   The Parties to this action, their insurers, and counsel to their insurers;

    b.   The officers, directors, and employees of the Parties who are directly involved in this litigation;

    c.   In-house counsel (as well as legal support working directly under their supervision) for each Party, if the Party has in-house counsel;

    d.   Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal clerks, legal secretaries, or other assistants that such outside litigation counsel of record assigns to this matter;

e. As to any document, its author, its addressee(s), and any other person(s) indicated on the face of the document as having received a copy;

f. Any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a non-disclosure agreement in the form annexed as Exhibit A hereto;

g. Stenographers and videographers engaged for depositions or proceedings in this action;

h. During their depositions or in hearings or at trial, witnesses in this action to whom a Party's attorney in good faith believes disclosure of the witness's own Party's documents is reasonably necessary;

i. Any person a Party retains to serve as an expert witness or otherwise provide specialized advice or services to counsel in connection with this action, such as copy-service vendors, translators, document-management consultants, jury consultants, mock jurors, and trial consultants to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a non-disclosure agreement in the form annexed as Exhibit A hereto; and

j. The Court, its personnel, stenographic reporters, and any jurors sworn in this matter (under seal or with other suitable precautions determined by the Court).

2. Documents or information marked "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as defined in Paragraph II.2 above, shall only be disclosed if and to the extent reasonably necessary for purposes of this litigation to in-house counsel of the opposing party, if applicable, and those listed in Paragraph III.1(d), III.1(e), III.1(f), III.1(g), III.1(i), and III.1(j).

3.    Where this Order requires a person to execute a non-disclosure agreement in the form annexed as Exhibit A hereto stating that such person has read this Order and agrees to be bound by its terms, counsel must provide a copy of this Order to such person. Said counsel must retain each signed non-disclosure agreement, hold it in escrow, and produce a copy of it to opposing counsel before such person is permitted to testify at deposition or at trial.

4.    Each person who has access to Protected Discovery Material pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such Protected Discovery Material.

## IV.    Use of Protected Discovery Material in Court.

1.    The Court retains discretion over whether to afford confidential treatment to any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and submitted to the Court in connection with any motion, application, or proceeding that may result in an Order and/or decision by the Court.

2.    If a Party wishes to submit Protected Discovery Material or a document that discloses such material to the Court under seal or with redactions, the submission must be made using the Court's procedures set forth under Paragraph 2.G of the Individual Practices of Judge Loretta A. Preska.

3.    A Party seeking leave to file sealed or redacted materials that contain or disclose Protected Discovery Material designated by another Party or a third party should meet and confer with the designating Party or third party in advance of the filing to narrow the scope of the request. When a Party seeks leave to file sealed or redacted materials on the ground that an opposing party or third party has requested it, that Party shall notify the opposing party or third party that it must file, within three days, a letter explaining the need to seal or redact the materials.

7

4.      Recipients of Protected Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation or legal proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents, information it produced in this action, or Discovery Material not considered "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

5.      Nothing in this Order will prevent any Party from producing any Protected Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

**V.      Inadvertent Disclosure or Production of Protected Discovery Material.**

1.      If a Party learns that, by inadvertence or otherwise, Protected Discovery Material has been disclosed to any person or in any circumstances not authorized under this Order, that Party must immediately notify the other Party in writing of the unauthorized disclosure(s). After receiving such notification, the Party that disclosed the Protected Discovery Material must then (i) use its best efforts to retrieve all unauthorized copies of the Protected Discovery Material; (ii) inform the person(s) to whom unauthorized disclosure(s) was made of all of the terms of this Order; and (iii) request that such person(s) execute the non-disclosure agreement in the form annexed as Exhibit A hereto.

8

2.     The Parties shall adhere to the requirements of Fed. R. Civ. P. 26(b)(5)(B) and Federal Rule of Evidence 502, as modified by the terms below, regarding the handling of Discovery Material that is inadvertently produced and subject to the attorney-client privilege, the work product protection, or any other applicable privilege and/or protection. The inadvertent production by a Producing Party of Discovery Material subject to the attorney-client privilege, work product protection, or any other applicable privilege and/or protection, despite the Producing Party's reasonable efforts to prescreen such Discovery Material prior to production, will not waive the applicable privilege and/or protection pursuant to Federal Rule of Evidence 502(d) and (e) if a request for the return of such inadvertently produced Discovery Material is made promptly after the Producing Party learns of its inadvertent production. Upon request from any Producing Party who has inadvertently produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately, but no later than within ten (10) days of the request, destroy such material and all copies, or return such Discovery Material to the Producing Party. However, nothing herein shall prevent the Receiving Party from preparing a record for its own use containing the date, author, addresses, and topic of the inadvertently produced Discovery Material and such other information as is reasonably necessary to identify the Discovery Material and describe its nature to the Court in any motion to compel production of the Discovery Material. If a Receiving Party wishes to contest the claim that the Discovery Material was inadvertently produced or that the Discovery Material is subject to the claimed privilege and/or protection, it shall so notify the Producing Party in writing when the document or information is returned. Within five (5) days, the parties will meet and confer in good faith to resolve any disagreements. In the event there is a disagreement that cannot be resolved, the Receiving Party may file a motion with the Court.

9

## VI.    Termination of Litigation and Survival of Obligations.

1.     Within sixty (60) days of the final disposition of this action—including all appeals—or within sixty (60) days after dismissal pursuant to a settlement agreement, all recipients of Protected Discovery Material must either return it (along with all copies thereof) to the Producing Party or, upon permission of the Producing Party, destroy such material (along with all copies thereof). In either event, by the 60-day deadline, the Receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Discovery Material. Notwithstanding this provision, outside counsel for the Parties who were specifically retained for this action may retain an archival copy of all pleadings, motions papers, transcripts, expert reports, legal memoranda, correspondence, and attorney work product, even if such materials contain Protected Discovery Material. Any such archival copies that contain or constitute Protected Discovery Material remain subject to this Order.

2.     This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Protected Discovery Materials are produced or disclosed.

## VII.    Miscellaneous Provisions.

1.     A copy of this Order must be provided to any non-party producing Discovery Material in this action who may reasonably be expected to desire confidential treatment for such Discovery Material.

2.     Each of the firms and parties named below, by executing a copy of this Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

3.     The Parties may, by stipulation, provide for exceptions to this Order, and any Party may seek an order of this Court modifying this Order.

SO STIPULATED AND AGREED.

Dated:  January 23, 2026

MESSING, P.C.

By: */s/ Alessandra Carcaterra Messing*
    Alessandra Carcaterra Messing, Esq.
    Aaron I. Messing, Esq.
    Alessandra Maldonado, Esq.
    MESSING, P.C.
    97 King Street
    Brooklyn, NY 11231
    (347) 331-8063
    alessandra@messing.law
    aaron@messing.law
    maldonado@messing.law

    *Attorneys for Plaintiff Wellness Media*
    *LLC d/b/a Dr. Pedre Wellness*

Dated:  January 23, 2026

FISH & RICHARDSON P.C.

By: */s/ Vivian Cheng*
    Vivian Cheng
    FISH & RICHARDSON P.C.
    7 Times Square, 20th Floor
    New York, NY 10036
    (212) 765-5070
    cheng@fr.com

    Tim J. Rawson (*pro hac vice* applicaiton
    forthcoming)
    FISH & RICHARDSON P.C.
    1717 Main Street, Suite 5000
    Dallas, TX 75201
    (214) 747-5070
    rawson@fr.com

    *Attorneys for Defendants Four Sigma*
    *Foods, Inc. and Funguys, Inc.*

**IT IS SO ORDERED**

Dated: Jan, 29, 2026

HON. LORETTA A. PRESKA
United States District Judge

11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WELLNESS MEDIA LLC<br>D/B/A DR. PEDRE WELLNESS,<br><br>Plaintiff,<br><br>v.<br><br>FOUR SIGMA FOODS, INC. and<br>FUNGUYS, INC.,<br><br>Defendants. | Civil Action No. 1:25-cv-06443-LAP |

**EXHIBIT A TO PROTECTIVE ORDER:**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Protected Discovery Material"). I agree that I will not disclose such Protected Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all Protected Discovery Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____

Signature: _____

Printed Name: _____